CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
August 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
       DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

|  |  |
|---|---|
| **JOSHUA D. VANOVER,** <br> **JULLIAN A. HUFFMAN,** <br> Plaintiffs, <br><br> v. <br><br> **MAJOR BRIAN PARKS, et al.,** <br> Defendants. | Civil Action No. 7:24cv00556 <br><br> **OPINION AND ORDER** |

Two Virginia inmate plaintiffs, Joshua D. Vanover, ("Vanover"), and Jullian A. Huffman, ("Huffman"), have jointly filed this civil rights complaint under 42 U.S.C. § 1983, complaining that they "have reason to believe that the Duffield Regional Jail is exposing [them] to lead and/or any other toxic chemical substance through the drinking water system." (Compl. 3, Docket Item No. 1.) They have not prepaid $402 in satisfaction of the filing costs for a civil case in this court, apparently intending to move to proceed in forma pauperis status to allow them to pay the filing costs through installments from their prison trust accounts, pursuant to 28 U.S.C. § 1915(b). Upon review of the record, the court concludes that the interests of the parties, as well as the interests of justice, will be best served if this jointly filed case is severed under Rule 21 of the Federal Rules of Civil Procedure into separate actions, individualized for each plaintiff. Each plaintiff must then agree to pay for his own civil lawsuit and must personally sign any motions or responses submitted therein.

First, each of these plaintiffs is proceeding pro se. A pro se litigant may prosecute his own lawsuit about claims involving his interests, but he is not authorized to litigate the interests of any other inmate. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their *own* cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 166 (1972) (a litigant "has standing to seek redress for injuries done to him, but may not seek redress for injuries done to others") (citations omitted);

Thus, each of these inmates, as pro se litigants, may move forward only with his own claims. *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977) (to state civil rights claim, plaintiff must allege facts demonstrating that he himself has sustained, or will sustained, deprivation of right, privilege or immunity secured by the constitution or federal law).

Second, prisoner-filed civil complaints are governed by the Prisoner Litigation Reform Act, ("PLRA"), which among other things expressly states that a prisoner plaintiff "shall be required to pay the full amount of a filing fee" for a civil action he brings. 28 U.S.C. § 1915(b)(1). The court concludes that following this mandate, it is appropriate to sever the two plaintiffs' claims into two separate civil actions. *See, e.g, Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (finding that the PLRA *bars* permissive joinder of multiple prisoner plaintiffs in one civil rights action); *Ray v. Evercom Sys., Inc.*, No. CIVA 4:05-2904, 2006 WL 2475264, at *5-6 (D.S.C. Aug. 25, 2006) (applying *Hubbard* reasoning in the absence of Fourth Circuit precedent).

Third, practical considerations also support a finding against allowing these two prisoner plaintiffs to jointly file and pursue a single civil action. Since this action alleges personal injuries, each plaintiff will need to gather and present to the court evidence about his personal injuries. Also, from the court's experience over years of handling prisoner-filed cases, a high likelihood exists that circumstances, such as transfers, cell reassignments, lockdowns, or personal disagreements, will often prevent plaintiffs from preparing and signing joint pleadings as required in pro se litigation. In addition, a joint lawsuit creates a danger of coercion, subtle or otherwise, between plaintiffs and may put plaintiffs at an increased risk of receiving a "strike" under 28 U.S.C. § 1915(g).[1]

Fourth, Rule 21 authorizes the court, on its own motion and at any time, to "sever any claim against a party" for separate consideration and trial as the court believes circumstances warrant. *See, e.g.*, *17th Street Associates, LLP v. Markel Intern. Ins. Co. Ltd.*, 373 F. Supp. 2d. 584, 598 n.9 (E.D. Va. 2005) (noting that district courts have "virtually unfettered discretion in determining whether or not severance is appropriate").

For the reasons stated, it is hereby **ORDERED** as follows:

---

[1] Section 1915(g) bars in forma pauperis litigation for inmates who have had three civil actions dismissed as frivolous, malicious or for failure to state a claim, absent a showing of imminent physical harm.

1. The claims brought in this jointly-filed civil action under § 1983 are hereby **SEVERED** into two separate civil actions—this case, No. 7:24cv00556, consisting of only the claims concerning Vanover, and an additional, separate civil case for only those claims concerning Huffman.  ***In these cases, only the claims of the plaintiff appearing in the heading of the case will be considered.*** Once the court has set up a new case and assigned a new case number for Huffman's lawsuit, he will be notified of that new case number through receipt of an initial Order;

2. In this case and in the new case regarding Huffman's claims, the court will enter an initial Order to conditionally file the case and require the plaintiff in each case to prepay the $402 filing costs for the case *or* to provide financial information required to apply for eligibility to pay the $350 filing fee through installments withheld from his trust account, pursuant to 28 U.S.C. § 1915(b).  ***Each of the plaintiffs will be responsible for paying for his own case and for prosecuting his own case—by signing every filing submitted in that case;***

3. Each plaintiff, using the civil action number of his severed case, shall notify the court in writing immediately upon his transfer or release and shall provide a new address.  FAILURE TO NOTIFY THE COURT OF SUCH A CHANGE OF ADDRESS WILL RESULT IN DISMISSAL OF THAT PLAINTIFF'S CASE;

4. Pursuant to a Standing Order of court, all nondispositive matters in this case will be referred to a United States Magistrate Judge;

5. All submissions in this case should be legible, written on one side of the paper only, with at least one-inch of clear space on all sides of the page.  In any document the plaintiff submits to the court, pursuant to General Rule 8 of the Local Rules of the United States District Court for the Western District of Virginia, the plaintiff must omit, black out, or abbreviate personal data identifiers as follows: social security numbers (use only the last four digits), names of minor children (use initials), dates of birth (list only the birth year),

financial account numbers (list only the last four digits), and home addresses (list only city and state). Submissions that do not comply with this paragraph may be returned to the plaintiff without being entered by the court;

6. All mailed pleadings should be sent to: Clerk, U.S. District Court, 210 Franklin Road SW, Suite 540, Roanoke, VA 24011-2208.

The Clerk is directed to send a certified copy of this Order to Vanover and Huffman.

**ENTERED**: August 23, 2024.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE